UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHIMCO INDUSTRIES, INC., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-860 |
| | § | |
| SENTRY INSURANCE A MUTUAL | § | |
| COMPANY | § | |

## NOTICE OF REMOVAL

Defendant, Sentry Insurance A Mutual Company ("Sentry"), files this Notice of the Removal

of this case from the 48th Judicial District Court of Tarrant County, Texas, to the United States

District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1441

and 1446, and would show the Court as follows:

1.

Sentry is the Defendant in Cause No. 048-281720-15, entitled "Rhimco Industries, Inc. v.

Sentry Insurance A Mutual Company", currently pending in the 48th Judicial District Court of Tarrant

County, Texas. That lawsuit was originally filed on October 12, 2015 in the 48th Judicial District

Court of Tarrant County, Texas.

2.

Sentry is filing this notice within thirty days from when Plaintiff filed its lawsuit, so that this

removal is timely under 28 U.S.C. § 1446(b).

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen

of the State of Texas, being a corporation formed under the laws of the State of Texas and having

its principal place of business in the State of Texas.

4.

At all times relevant herein, Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin and having its principal place of business in the State of Wisconsin.

5.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Sentry, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.

6.

The amount in controversy requirement is clearly established by Paragraph VII of Plaintiff's Original Petition, where Plaintiff alleges it is seeking monetary relief between $200,000 and $1,000,000.

7.

Copies of all the pleadings which have been filed or served in this action to date, and which are attached as Exhibits "A" - "D"" include the following:

a.      Plaintiff's Original Petition;

b.      Citation directed to Sentry;

c.      Sentry's Original Answer; and

d.      Certified copy of state court docket sheet.

To the best of Sentry's knowledge, no other pleading, process or order has been filed or

served in the state court lawsuit referred to above.

Wherefore, Defendant, Sentry Insurance A Mutual Company, prays that this action be removed to this Court from the 48th Judicial District Court of Tarrant County, Texas and for further proceedings as may be necessary.

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on November 11, 2015, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served a true and correct copy of the foregoing document by mailing a copy upon the following, as indicated below, on this the 11th day of November, 2015:

Mr. John Lively                                    VIA E-MAIL: john.lively@livelyllp.com
201 Main Street
Suite 1260
Fort Worth, Texas 76102

Russell J. Bowman

# EXHIBIT A

FILED
TARRANT COUNTY
10/12/2015 1:06:01 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

048-281720-15

| | | |
|---|---|---|
| RHIMCO INDUSTRIES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | _____JUDICIAL DISTRICT |
| | § | |
| SENTRY INSURANCE A MUTUAL COMPANY | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Rhimco Industries, Inc. ("Rhimco"), Plaintiff herein, and files this its Original Petition, complaining of Sentry Insurance A Mutual Company ("Sentry"), and for cause of action Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES

Plaintiff Rhimco Industries, Inc., is a Texas corporation operating at 4150 Britton Road, Mansfield, Tarrant County, Texas 76063.

Defendant Sentry Insurance A Mutual Company, is a foreign corporation authorized to do business in Texas and may be served by serving its registered agent, CT Corporation System 1999 Bryan Street Suite 900, Dallas TX 75201-3136.

### II.
### VENUE AND JURISDICITON

Venue is proper in Tarrant County, Texas, as all or a substantial part of the events giving rise to this lawsuit occurred in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE §§15.002. The insured property at issue is located in Tarrant County, Texas, and the subject contract was negotiated though correspondence sent to and from Tarrant County, Texas. This Court has jurisdiction over this case in that the amount in controversy is within the jurisdictional limits of the Court.

1

048-281720-15

## III.
## DISCOVERY LEVEL

Plaintiff intends to conduct discovery in this cause under Discovery Control Level 2, pursuant to Texas Rule of Civil Procedure Section 190.3.

## IV.
## CONDITIONS PRECEDENT

All conditions precedent necessary to Plaintiff's recovery have been performed, have occurred, or have been excused or waived.

## V.
## FACTS

Plaintiff Rhimco owns property located in Tarrant County, Texas. Defendant Sentry is Plaintiff's casualty insurer.

On several dates over the course of 2011 and 2012, Rhimco was the victim of multiple thefts at its warehouse, resulting in compensable damages to Rhimco's real and personal property. Rhimco filed insurance claims with Sentry relating to the losses caused by the theft occurrences. Sentry then commenced an investigation of the claims.

In January of 2014, Plaintiff received from Sentry a copy of a loss valuation report prepared by Jay Johnson whom Sentry had retained regarding Plaintiff's damaged property. Plaintiff disagreed with the valuation report and expended substantial time and resources to compile its own damages estimate.

Over the course of 2014 and into 2015, Plaintiff and Defendant, through their respective attorneys, engaged in discussions regarding valuation of the subject property and the amount of covered losses. Negotiations culminated in an agreement to submit a portion of the claims to the umpire process allowed under the insurance policy. The policy states:

2

048-281720-15

> If we [the insurer] and you [the insured] disagree on the value of the property or
> the amount of loss, either may make written demand for an appraisal of the loss.
> In this event, each party will select a competent and impartial appraiser. The two
> appraisers will select an umpire. If they cannot agree, either may request that
> selection be made by a judge of a court having jurisdiction. The appraisers will
> state separately the value of the property and amount of loss. If they fail to agree,
> they will submit their differences to the umpire. A decision agreed to by any two
> will be binding. . . .

The Parties executed an "Agreement Relative to Appraisal," ("Agreement" or "Appraisal Agreement") dated April 8, 2015. *See* Exhibit A, a true and correct copy of the Agreement. The Agreement set forth the terms of the appraisal process including relevant valuation dates, valuation methods for damage to the building and damages to the business personal property, and the identities of each party's appraisers. *See* Ex. A. Plaintiff designated two appraisers: Tim Haney to appraise the damage to the building and Jim Gregory to appraise the business personal property. *Id.* Defendant selected Brett Lochridge of Unified Building Sciences as Sentry's appraiser.

On June 6, 2015, Defendant's appraiser (Lochridge) and Plaintiff's appraisers (Haney and Gregory), executed a "Declaration of Appraisers," affirming their respective acceptance of appointment as appraisers and selecting L. "Eddie" Kizer as the umpire to resolve the dispute. *See* Ex. B and Ex. C, true and correct copies of the declaration of appraisers. Pursuant to the Agreement, Plaintiff's appraisers provided an opinion regarding the value of the subject losses.

Since the April 8, 2015, Agreement, Defendant has failed and refused to honor its obligation under both the policy and the Agreement to provide an appraisal of the subject business personal property. In the six months since the Appraisal Agreement was executed, Defendant has delayed performing the promised appraisal on so many occasions, Plaintiff can only conclude that Defendant and its appraiser do not intend to appraise the business personal property as promised.

3

048-281720-15

Plaintiff institutes the suit to compel Defendant to perform the appraisal as required by the policy and the Appraisal Agreement, and/or for recovery of damages resulting from Defendant's breach of these obligations.

## VI.
## CAUSES OF ACTION

### A. Breach of Contract

Defendant's conduct as alleged herein constitutes breach of contract. Under both the insurance policy and the Appraisal Agreement, Defendant was obligated to perform an appraisal of the subject business personal property at issue in Plaintiff's insurance claim. Defendant has failed and refused to perform the appraisal, resulting in damages to Plaintiff.

As a proximate result of Defendant's conduct, Plaintiff has suffered actual damages incurred in the past and additional economic damages that will be incurred in the future for which it sues Defendant in an amount within the jurisdictional limits of this Court. Plaintiff further seeks recovery of its reasonable and necessary attorney's fees.

Plaintiff requests that the Court compel Defendant to perform the appraisal as required by the policy and the Appraisal Agreement, and/or for recovery of damages resulting from Defendant's breach of these obligations and such other legal or equitable relief to which Plaintiff may be entitled.

### B. Show Cause Order and/or Dismissal of Appraiser Brett Lochridge

Plaintiff requests that Defendant be cited to appear and show cause as to why Defendant and its appraiser have failed and refused to timely perform and continue to fail and refuse to timely perform the appraisal of the subject business personal property in accordance with the Appraisal Agreement and the insurance policy.

4

In addition to or in the alternative to the relief requested herein, Plaintiff requests that Defendant's appraiser, Brett Lochridge, be dismissed as the appraiser of the subject property and another appraiser be appointed who will timely perform the duties agreed upon by the Parties.

## C. Declaratory Judgment

Plaintiff is additionally entitled to compensation for administration of the insurance claim. Plaintiff requests that the Court enter a declaration as to the amount of administration expenses that should be awarded to Plaintiff.

Plaintiff further requests recovery of reasonable and necessary attorney's fees under Chapter 37 of the Texas Civil Practice and Remedies Code.

## VII.
## RULE 47 COMPLIANCE

In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks damages within the jurisdictional limits of this Court consisting of monetary relief over $200,000 but not more than $1,000,000.

## VIII.
## ATTORNEY'S FEES & OTHER COSTS

Plaintiff has retained the undersigned attorney to represent its in recovering its damages. Plaintiff prays that the Court award Plaintiff its reasonable and necessary attorney's fees and other costs as permitted by law against Defendant. Chapters 37 and 38 of the Tex. Civ. Prac. & Rem. Code.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final hearing, the Court enter Judgment against Defendant and order Defendant to comply with the obligations pleaded herein and/or for Plaintiff's damages as

048-281720-15

argued herein, together with prejudgment interest at the lawful rate until judgment, and post-judgment interest at the lawful rate, costs of court, attorney's fees, and such other and further relief to which Plaintiff is justly entitled botb at law and in equity.

LIVELY & ASSOCIATES, L.L.P.
201 Main Street, Suite 1260
Fort Worth, Texas 76102
817-338-1030 Telephone
817-338-1050  Facsimile
607 Lindsey Street, Suite B
Bowie, Texas 76230
John.Lively@LivelyLLP.com


 /s/ John R. Lively
John R. Lively
State Bar I.D. #12435000
John R. Lively, Jr.
State Bar I.D. #24034542
Daniel R. Aguilar
State Bar I.D. #24078125

*Attorneys for Plaintiff*

048-281720-15

# Bowman & Stella, P.C.

Attorneys and Counselors

Russell J. Bowman
Admitted in Louisiana and Texas
Certified Public Accountant
Direct Dial (214) 922-0150
E-Mail: russelljbowman@sbcglobal.net

*A Professional Corporation*
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (Fax)

April 8, 2015

VIA FAX NO. (817) 338-1050
Mr. John R. Lively
Attorney at Law
201 Main Street, Suite 1260
Fort Worth, Texas 76102

RE:  Insured        :    Rhimco Industries Inc.
     Claim No.      :    66K095726-224
     Our File No.   :    86040

Dear John:

The following is the revised agreement attempting to resolve the issues concerning the appraiser designations contained in your October 2, 2014 letter. Hopefully this letter provides the solution to resolve those issues. As used herein, the term "Sentry" means Sentry Insurance A Mutual Company. As used herein, the term "Rhimco" means Rhimco Industries Inc..

## AGREEMENT RELATIVE TO APPRAISAL

This matter involves the theft of Rhimco's property occurring over several different dates. The parties (Sentry and Rhimco) are in agreement that with the manner and timing of the thefts that occurred, the thefts were committed by the same perpetrator or perpetrators. That being the case, Sentry and Rhimco are in agreement that for purposes of the appraisal, they will treat this matter as involving only date of loss, which Sentry and Rhimco agree such date of loss will be January 26, 2012, being the date Rhimco first discovered the theft of its property. Sentry and Rhimco further agree that as they are treating this matter as involving only one date of loss, that Sentry will only apply one deductible (which under the insurance contract is $1,000) to Rhimco's claim relating to theft of its property and the damage to its buildings associated therewith.

Sentry and Rhimco further agree that twelve separate losses occurred. However, for valuation purposes only, the parties will use January 26, 2012 as the valuation date for each loss. Sentry and Rhimco agree to spread the totality of the losses evenly over the known dates of loss affecting the three policy periods involved, which are: 9/22/10-11, 9/22/11-12, and 9/22/12-13. The agreement between Sentry and Rhimco that a single deductible of $1,000 will be applied to Rhimco's claim does not alter or waive the agreement that twelve losses occurred.

Sentry and Rhimco agree that Rhimco can designate Tim Haney as the appraiser concerning the

# EXHIBIT A

Mr. John R. Lively                                048-281720-15
April 8, 2015
Page 2
_____

building portion of the claim. Sentry and Rhimco further agree that any objections which Sentry may have
to Tim Haney serving as appraiser are hereby waived. Sentry and Rhimco further agree that the appraisal
that is to be conducted concerning the building portion of the claim will determine the amount of loss to the
building, by determining the building repairs costs due to the thefts losses described above for each of the
following buildings: (1) 4150 Britton Road, Mansfield, Texas 76063; (2) 4152 Britton Road, Building 2,
Mansfield, Texas 76063; and (3) 4239 Britton Road, Mansfield, Texas 76063; and (4) 1266 Lakeview Drive,
Mansfield, Texas 76063 as of January 26, 2012.

It is further agreed by Sentry and Rhimco that in the event the appraisal concerning the building
results in any additional payment being owed for building damage by Sentry, that if any such payment is
owed, any such payment by Sentry will be made to the insured.

Sentry and Rhimco further agree that Rhimco can designate Jim Gregory as the appraiser concerning
the business personal property portion of the claim. It is further agreed by Sentry and Rhimco that any
objections which Sentry may have to Mr. Gregory serving as appraiser are hereby waived. It is further
agreed by Sentry and Rhimco that the appraisal that is to be conducted concerning the business personal
property portion of the claim will determine the amount of loss by determining the replacement cost less
depreciation for all of the business personal property that was located at: (1) 4150 Britton Road, Mansfield,
Texas 76063; (2) 4152 Britton Road, Building 2, Mansfield, Texas 76063; (3) 4239 Britton Road, Mansfield,
Texas 76063; and (4) 1266 Lakeview Drive, Mansfield, Texas 76063 as of January 26, 2012, including the
amount of business personal property which was stolen in the twelve theft losses described above.

It is further agreed by Sentry and Rhimco that there will still be only one umpire to address the
building and personal property components of the claim. That umpire will, if necessary, decide any
differences between Sentry's appraiser Brett Lochridge and Tim Haney regarding the building portion of the
appraisal, and will settle any differences between Mr. Lochridge and Jim Gregory regarding the business
personal property of the appraisal.

Sentry and Rhimco agree that the valuation method for determining the loss to the building shall be
repair costs, and the valuation method for determining the loss to business personal property shall be
replacement cost less depreciation.

This agreement is limited to the valuation of the personal property loss and building repairs only.

By my signature to this letter, I am conveying Sentry's agreement to all of the above items. Please
indicate Rhimco's agreement to the items set forth regarding appraisal, by signing this letter where indicated
and returning same to me.

As always, should you have any questions, please give me a call.

04/09/2015  14:48  3049820235          SCOTT BOWMAN STELLA                    PAGE  04/04

Mr. John R. Lively
April 8, 2015
Page 3

048-281720-15

Very truly yours,

Russell J. Bowman

RJB/lb

AGREED:

John Lively
Attorney for Rhimco Industries Inc.

048-281720-15

## DECLARATION OF APPRAISERS

Claim Number:        66K095726-224 Sentry vs. Rhimco

Policy Number:

Date of Loss:        1/26/2012

Property Location:   4150,4152,4239, Britton Road, Mansfield Texas 76063 and 1266
                     Lakeview Dr,

We, the undersigned, do solemnly affirm that we will act with competence and independence in making an appraisal of the replacement cost, actual cash value and the amount of loss upon said described property, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon. We have no contractual or other interest in, and will derive no benefit from, the proceeds of any appraisal award entered. We have no fee or payment agreement related in any manner to recovery of benefits under the policy.

_____  6-17-15

Appraiser for the insured    Jim Gregory    Date

_____  6-10-15

Appraiser for the insurer    Brett Lochridge    Date

## SELECTION OF UMPIRE

We, the above signed, hereby select and appoint L. "Eddie" Kizer to act as umpire to resolve matters of difference that shall arise between us, if any, by reason of and in compliance with the foregoing memorandum and appointment.

Eddie.kizer@ct.plc.com,    972/447-2078 mobile 469/559-5417

## QUALIFICATION OF UMPIRE

I, the undersigned, hereby accept the appointment of umpire, as provided in the foregoing memorandum, and solemnly affirm that I will act with strict impartiality in all maters of difference that shall be submitted to me and will make a true, just, and conscientious award according to this memorandum, not interested as a creditor or otherwise in said described property or the insurance thereon. I have no contractual or other interest in, and will derive no benefit from, the proceeds of any appraisal award entered. I have no fee or payment agreement related in any manner to recovery of benefits under the policy.

_____        _____

Umpire L. Eddie Kizer              Date

# EXHIBIT B

048-281720-15

## DECLARATION OF APPRAISERS

Claim Number : 66K095728-224 Sentry vs. Rhimco
Policy Number:
Date of Loss: 1/28/2012
Property Location: 4150,4152,4239,Britton Road, Mansfield Texas 76063 and 1266 Lakeview Dr.

We, the undersigned, do solemnly affirm that we will act with competence and independence in making an appraisal of the replacement cost, actual cash value and the amount of loss upon said described property, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon. We have no contractual or other interest in, and will derive no benefit from, the proceeds of any appraisal award entered. We have no fee or payment agreement related in any manner to recovery of benefits under the policy.

**Tim Haney**
Digitally signed by Tim Haney
DN: cn=Tim Haney, o=Haney & Associates,
ou, email=timhaney@msn.com, c=US
Date: 2015.06.03 16:58:16 -05'00'

_____
Appraiser for the Insured    Tim E. Haney            Date

_____    6/10/15
Appraiser for the Insurer            Date

## SELECTION OF UMPIRE

We, the above signed, hereby select and appoint L."Eddie" Kizer            to act as umpire to resolve matters of difference that shall arise between us, if any, by reason of and in compliance with the foregoing memorandum and appointment.

Eddie.kizer@ct.plc.com    972/447-2078 mobile 469/559-5417

## QUALIFICATION OF UMPIRE

I, the undersigned, hereby accept the appointment of umpire, as provided in the foregoing memorandum, and solemnly affirm that I will act with strict impartiality in all matters of difference that shall be submitted to me and will make a true, just, and conscientious award according to the best of my knowledge, skill and judgment, am not related to any of the parties to this memorandum not interested as a creditor or otherwise in said described property or the insurance thereon. I have no contractual or other interest in, and will derive no benefit from, the proceeds of any appraisal award entered. I have no fee or payment agreement related in any manner to recovery of benefits under the policy.

_____
Umpire L. Eddie Kizer    Date

# EXHIBIT C

EXHIBIT B

THE STATE OF TEXAS                    ORIGINAL
DISTRICT COURT, TARRANT COUNTY

## CITATION                            Cause No. 048-281720-15

FILED
TARRANT COUNTY
10/22/2015 10:02:38 AM
THOMAS A. WILDER
DISTRICT CLERK

RHIMCO INDUSTRIES, INC.
VS.
SENTRY INSURANCE A MUTUAL COMPANY

PP 6386
OCT 15 2015

TO: SENTRY INSURANCE A MUTUAL COMPANY    *Terr Thongsavat*    BY: *ILOSA*
1:35 Pisoct 2015

B/S CT CORPORATION SYSTEM-REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

RHIMCO INDUSTRIES INC

Filed in said Court on October 12th, 2015 Against
SENTRY INSURANCE A MUTUAL COMPANY

For suit, said suit being numbered 048-281720-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JOHN R LIVELY
Attorney for RHIMCO INDUSTRIES INC Phone No. (817)338-1030
Address     201 MAIN ST STE 1260 FORT WORTH, TX 76102

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 13th day of October, 2015.

By _____Lisa Letbetter_____ Deputy
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.):
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____ _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

048-281720-15

# RETURN OF SERVICE

Cause #/Court: **048-281720-15 / 48TH DISTRICT COURT OF TARRANT COUNTY, TEXAS**
Style of Case: **RHIMCO INDUSTRIES INC v. SENTRY INSURANCE A MUTUAL COMPANY**
Address of Service: **1999 BRYAN STREET, STE 900, DALLAS, TEXAS 75201**

Came to hand on the **15** day of **OCTOBER**, 20**15**, at **11:05** o'clock **A**.M., and executed in **DALLAS** County, Texas at **1:35** o'clock **P**.M. on the **15** day of **OCTOBER**, 20**15**, by delivering to **SENTRY INSURANCE A MUTUAL COMPANY BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION BY DELIVERING TO TERRI THONGSAVAT**, in person, a true copy of this CITATION WITH PETITION ATTACHED having first endorsed on the same date of delivery. The distance actually traveled by me in delivering process was **0** miles and my fees are as follows:

| | | |
|---|---|---|
| SERVICE | $ | 80.00 |
| MILEAGE | $ | |
| OTHER | $ | |
| TOTAL | $ | 80.00 |

Francis N. Gilbert
Integrity Process Service, Inc.
Dallas County, Texas

_____
Authorized Person

"My name is Francis N. Gilbert, my date of birth is November 30, 1942, and my address is 609 N. Cedar Street, Springtown, Parker, Texas 76082." I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in **PARKER** County, State of Texas, on the **15** day of **OCTOBER**, 20**15**.

_____
Declarant/Authorized Person
ID #SCH000000516
EXP. 7/31/2017

EXHIBIT C

048-281720-15

FILED
TARRANT COUNTY
11/9/2015 4:46:04 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 048-281720-15

| | | |
|---|---|---|
| RHIMCO INDUSTRIES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | 48TH JUDICIAL DISTRICT COURT |
| | § | |
| SENTRY  INSURANCE A | § | |
| MUTUAL COMPANY | § | TARRANT COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

Defendant, Sentry Insurance A Mutual Company ("Sentry"), hereby files its Original Answer to Plaintiff's lawsuit, and would show the Court as follows:

1.

The insurance contract(s) involved in this lawsuit set forth certain duties which Plaintiff must comply with in the event of a loss. These duties are as follows:

"3.     **Duties In The Event of Loss Or Damage**

    a.     You must see that the following are done in the event of loss or damage to Covered Property:

        (1)     Notify the police if a law may have been broken.

        (2)     Give us prompt notice of the loss or damage. Include a description of the property involved.

        (3)     As soon as possible, give us a description of how, when and where the loss or damage occurred.

        (4)     Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss

048-281720-15

that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)   At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6)   As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)   Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply the necessary forms.

(8)   Cooperate with us in the investigation or settlement of the claim....

Plaintiff has breached Section (8) of these conditions, by failing to complete the appraisal condition of the insurance contract(s) issued by Sentry to Plaintiff involved in this lawsuit. Sentry would plead this as a defense to Plaintiff's claims asserted in this lawsuit, to the extent applicable.

2.

The insurance contract(s) involved in this lawsuit contain the following provision applicable to the property coverage provided by the policy:

Appraisal

If we and you disagree on the amount of loss, either may make

048-281720-15

written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand.  The two appraisers will select an umpire.  If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction.  Each appraiser will state the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding as to the amount of loss.  Each party will:

a.   Pay its chosen appraiser; and

b.   Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:

a.   You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and

b.   We will still maintain our right to deny the claim.

In addition, the insurance contract(s) involved in this lawsuit provide in pertinent part:

## LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

a.   There has been full compliance with all of the terms of this Coverage Part;...

Sentry would show that Plaintiff has brought this lawsuit in violation of the above provisions, since the appraisal required by the insurance contract has not yet been completed, such that Plaintiff is in violation of the Appraisal and Legal Action Against Us provisions quoted above.  Sentry would plead Plaintiff's violations of these provisions of the policy/policies as defenses to Plaintiff's claims asserted in this lawsuit, to the extent applicable.

048-281720-15

3.

The insurance contract(s) involved in this lawsuit contain the following provisions:

F.    ADDITIONAL CONDITIONS

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

1.    COINSURANCE

If a Coinsurance percentage is shown in the Declarations, the following condition applies.

a.    We will not pay the full amount of any loss if the Value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

(1)    Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

(2)    Divide the Limit of Insurance of the property by the figure determined in Step (1);

(3)    Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2);

(4)    Subtract the deductible from the figure determined in Step (3).

We will pay the amount determined in Step (4) or the limit of insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

048-281720-15

Valuation for purposes of the Coinsurance provision is contained in Section D "LOSS

CONDITIONS" of the "SPECIAL BROADENED PROPERTY COVERAGE", which provides in

pertinent part:

D.    LOSS CONDITIONS

Section E.7, Valuation, of the Building and Personal Property Coverage Form is replaced by the following provisions. But these provisions do not apply to property insured subject to a functional valuation endorsement.

7.    Valuation

In the event of loss or damage we will determine the value of the Covered Property as follows:

a.    Contingent replacement cost

We will value buildings and business personal property at replacement cost (without deduction for depreciation) as of the time of loss or damage if the applicable limit of insurance is 80% or more of the replacement cost of the property.

(1)   You may make a claim for loss or damage on an actual cash value basis instead of a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage under this provision if you notify us of your intent to do so within 180 days after the date of loss or damage.

(2)   We will not pay for any loss or damage on a replacement cost basis:

(a)   Until the lost or damaged property is actually repaired or replaced; and

048-281720-15

    (b)    Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

   (3)    We will not pay more than the least of:

    (a)    The Limit of Insurance applicable to the property;

    (b)    The cost to replace, on the same premises, the lost or damaged property with property:

        (i)    Of comparable material and quality; and

        (ii)    Used for the same purpose; or

    ( c )    The amount you actually spend that is necessary to repair or replace the lost or damaged property of similar kind and quality.

   (4)    The Coinsurance Condition applies to the actual cash value of property subject to this provision.

Sentry would plead these provisions as defenses to Plaintiff's claims, to the extent applicable.

4.

Sentry would show that the policy/policies involved in this matter contain a provision entitled "COVERAGE EXTENSION THEFT DAMAGE TO BUILDINGS" which provide coverage for damage to building caused directly by theft or attempted theft only if the insured owns the building or is legally responsible for the damage. Sentry would plead this as a defense to Plaintiff's claims,

048-281720-15

to the extent applicable.

5.

Sentry would show the policy or policies involved in this matter contain an exclusion for loss or damage caused by or resulting from theft. Sentry would plead this as a defense to Plaintiff;s claims, to the extent applicable.

6.

Sentry would also plead any applicable limits of coverage and/or any applicable deductible(s) contained in the insurance contract(s) involved in this lawsuit as defenses to Plaintiff's claims in this lawsuit, to the extent applicable.

7.

Sentry would plead as a defense to Plaintiff's claims in this lawsuit, to the extent applicable, that its conduct has not been the producing or proximate cause of any damages being claimed by Plaintiff in this lawsuit.

8.

Sentry would plead as a defense to Plaintiff's claims in this lawsuit, to the extent applicable, any payments made to Plaintiff concerning the insurance claim(s) involved in this lawsuit.

9.

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Sentry generally denies each and every, all and singular, of the allegations contained in Plaintiff's Original Petition, and, since they are allegations of fact, that Plaintiff should be required to prove the allegations asserted against Sentry by a preponderance of the evidence, in accordance with the laws of the State of Texas.

048-281720-15

10.

Sentry hereby requests a jury trial, and along with the filing of this answer, has tendered the appropriate jury fee to the Court.

WHEREFORE, Defendant, Sentry Insurance A Mutual Company, prays: (1) that Plaintiff be ordered to complete the appraisal required by the insurance contract involved in this lawsuit; (2) that after appraisal has been completed, and upon a final trial by jury of all issues as may be necessary, that Plaintiff's claims be denied in their entirety and Plaintiff's lawsuit be dismissed with prejudice, with Sentry recovering all costs of court incurred by it in this matter; and (3) for any and all other relief to which Sentry may be entitled, at law or at equity.

Respectfully submitted,

S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR DEFENDANT

048-281720-15

## VERIFICATION

STATE OF WISCONSIN

COUNTY OF PORTAGE

Before me, the undersigned notary public, personally came and appeared Bob Ringstad, who being sworn by me, did state the following:

My name is Bob Ringstad. I have read of all the foregoing allegations in the Original Answer of Defendant Sentry Insurance A Mutual Company to which this verification is attached. Based on my personal knowledge, the allegations in said answer are true and correct. I am authorized to sign this verification on behalf of Defendant, Sentry Insurance A Mutual Company.

_____
Bob Ringstad

Signed this the 9th day of November, 2015.

_____
Notary Public in and for the
State of ~~Texas~~ Wisconsin

My commission expires:

11-16-2018

Geri L. Wiegert
Printed Name of Notary

048-281720-15

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 9, 2015, I served a copy of the foregoing document on all counsel of record, as indicated below:

Mr. John Lively                                             VIA E-MAIL: john.lively@livelyllp.com
201 Main Street
Suite 1260
Fort Worth, Texas 76102

S/Russell J. Bowman
Russell J. Bowman

EXHIBIT D

# Civil Docket        Discovery:                  048-281720-15

---

Cause of Action: CONTRACT, DEBT/CONTRACT

|  | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|

| Date Filed 10/12/2015 | RHIMCO INDUSTRIES, INC. | LIVELY, JOHN R<br>201 MAIN ST STE 1260 |
|---|---|---|
| Jury<br>Fee $ | vs. | FORT WORTH, TX 76102<br>BarID: 12435000TX     Ph (817)338-1030    PLTF<br>Fax Ph (817)338-1050<br>LIVELY & ASSOCIATES LLP<br>JOHN.LIVELY@LIVELYLLP.COM |
| Paid<br>By | SENTRY INSURANCE A MUTUAL<br>COMPANY | |

A CERTIFIED COPY
ATTEST: 11-10-2015
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY TEXAS
BY
DEPUTY
KATHY BALLARD

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

048-281720-15

ORDERS OF COURT

Date of Orders

DC-627 6-11